IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JDI HOLDINGS, LLC,

       Plaintiff,

v.                                            CASE NO.: 3:07cv242/MCR/EMT

JET MANAGEMENT INC.,
SOUTHERN JET CENTER, LLC,
and JON KERR

       Defendants.
_____/

## PRETRIAL STIPULATION

Plaintiff, JDI HOLDINGS, LLC, and Defendants, JET MANAGEMENT, INC. AND SOUTHERN JET CENTER, LLC, by and through their undersigned attorneys, respectfully submit their Joint Pretrial Stipulation as required under the Order Setting Trial and for Pretrial Conference in a Civil Case (Doc. No. 206). Defendant Kerr has been provided drafts of this Stipulation and, to the extent he has provided comments or requested changes, those comments and changes have been incorporated to this Stipulation:

    A.    <u>The basis for federal jurisdiction</u>: Plaintiff, JDI HOLDINGS, LLC, is a limited liability company with a principal place of business of JDI is, Hampton, New Jersey 08827. Defendant Jet Management is a Florida corporation, and Defendant Southern is a Florida limited liability company. The principal place of business of Jet Management and Southern is Sanford, Florida 32773. Southern is an affiliate of Jet Management. Defendant Kerr resides in Hartford, Connecticut. The parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

B. <u>A concise statement of the nature of the action to be read to the jury panel</u>: Not Applicable

C. <u>A brief general statement of each party's case</u>:

1. Plaintiff: The substance of JDI's case is set forth in the exhaustive opinion entered by this Court on March 31, 2009, in connection with the cross motions for summary judgment. At the trial of this matter, Plaintiff will offer evidence that will establish that in fact Kerr entered into an undisclosed dual agency arrangement with Jet Management and Southern and that, as a result of that relationship and Kerr's breach of his fiduciary duties to Plaintiff, Plaintiff is entitled to rescind the purchase contract and obtain complete rescissory relief as against Jet Management and Southern and such further relief as the Court deems equitable, including an award of punitive damages and attorney's fees and litigation costs.[1] As part of the order for rescission, JDI is entitled to be made whole in the amount set forth in the rescissionary damages report of Plaintiff's expert Mark Medwig. Plaintiff further prays for compensatory damages on its claim of negligence against Southern in the amount set forth in Mr. Medwig's other damage report. Plaintiff further prays for compensatory and punitive damages as against Kerr for breach of fiduciary duty, violation of the Florida Deceptive and Unfair Trade Practices Act, and conspiracy. Plaintiff's damages claim against Kerr includes disgorgement of the $70,000 commission paid to him by JDI.

---

[1] (In the event that an award of attorney's fees is determined to be appropriate, the parties agree that the amount such fees should be determined through a separate hearing.)

2.  Defendants, Jet Management, Inc. and Southern Jet Center, LLC:

It is the Defendant Jet Management and Southern's position that all times the Defendants complied with the terms and conditions of the aircraft purchase agreement. In the alternative, the Defendants had a right to be notified immediately upon non-conformance of the aircraft or any suspected non-conformance. Defendants also should have been afforded the right to attempt to cure, which was not made available. Defendants deny any hidden, secret agreement with John Kerr, although Defendants admit to having paid Kerr a portion of his fee out of the closing. Defendants at no time instructed Kerr not to advise JDI or Don Dulac or Jared Isaacman that they were paying a portion of his fee, at no time participated in any "secret" agreement and fully expected that Kerr was in fact informing Mr. Dulac. Additionally, Mr. Kerr had no input with Cessna Orlando. The undisputed testimony is Mr. Kerr never even physically traveled to Orlando or met with anyone from Cessna Orlando. Cessna Orlando was a separate entity, responsible for determining the condition of the aircraft, was paid by JDI to determine the condition of the aircraft, and it was to Cessna Orlando's benefit financially and otherwise to insist on any items that were considered airworthy to be repaired before releasing the aircraft from its service facility.

        Defendants also intend to present evidence that Don Dulac as attorney and agent for JDI and Jared Isaacman expected a "perfect" aircraft, that this aircraft was not "perfect", and that while Mr. Isaacman expected every item on any list produced by Cessna Orlando to be repaired, Mr. Dulac knew this was not the case as evidenced by e-mail exchanges and at no time did Mr. Dulac convey any of this information to sellers such that sellers could have invoked the conditions of the contract to withdraw from the sale and return the deposit. Mr. Dulac was aware that only the items marked with an "A" on the initial reports would be repaired as he indicated same to his own client in e-mail exchanges. At no time did Mr. Dulac, Jared Isaacman, or John Kerr inform the sellers that there were expectations of a "perfect" aircraft with all items on the Cessna report being repaired at the cost of the seller. Had such information been conveyed to the seller, the seller would have cancelled the sale in a timely fashion within the terms and conditions of the aircraft purchase agreement and would have refunded the deposit. The Defendants furthermore believe that rescission is not an appropriate remedy in this case as Plaintiffs have alleged and intend to prove and has presented testimony to the fact of damages.

D. <u>A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection</u>. Any objections not listed will be deemed waived.

Plaintiff's Exhibit List is attached hereto as Plaintiff's Exhibit 1.

Defendants' Exhibit List is attached hereto as Defendant's Exhibit A.

E. <u>A list of the names and addresses of all witnesses, including rebuttal and expert, intended to be called at the trial by each party, nothing any objections thereto and the grounds for the objection</u>. Any objections not listed will be deemed waived. Expert witnesses shall be labeled as such.

Plaintiff's Witness List is attached hereto as Exhibit 2.

Defendants' Witness List is attached hereto as Exhibit B.

F. <u>A list of any depositions to be offered at the trial, with specific reference to the pertinent page and line to be read, noting any objections thereto and the grounds for the objection</u>. Any objections not listed will be deemed waived. The deposition excerpts should be filed as an attachment to the pretrial stipulation.

Plaintiff's deposition designations are attached hereto as Exhibit 3.

Defendants' deposition list and page transcripts are attached hereto as Exhibit C.

G. <u>A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions</u>.

1. JDI is solely owned and managed by Jared Isaacman.

2. Jared Isaacman retained Jon Kerr, aircraft broker, to act as JDI's agent.

3. In November 2005 the parties to this litigation entered into negotiations and discussions for the purchase and sale of one Cessna 650 Jet aircraft, serial no. 030 (the "Aircraft").

4. On December 5, 2005, JDI's predecessor in interest and Defendant Jet Management, Inc. entered into an Aircraft Purchase Agreement for the Aircraft. The purchase price under the Agreement was $3.2 Million, less adjustments for the cost to repair items identified during the course of a

pre-purchase inspection. The Agreement also required Jet Management to pay the cost of repairing airworthiness discrepancies identified during the pre-purchase inspection and repair process.

5. The Aircraft was moved to an inspection facility at Cessna Orlando for purposes of the pre-purchase inspection and repair process.

6. Defendants Jet Management and Southern Jet Center, LLC knew that Kerr was representing JDI in the pre-closing inspection and repair process.

7. Jet Management and Southern Jet Center, LLC entered into an agreement with Kerr under which, if JDI purchased the Aircraft, Kerr would receive the difference between the stated purchase price ($3.2 million) and the maximum amount to be paid to Defendant Jet Management under the purchase agreement ($3.05 million). The amount to be paid to Kerr was contingent on the amount required to be spent on repairs resulting from the pre-sale inspection process performed by Cessna.

8. The total pre-closing repair bill issued to Jet Management was in the amount of $78,686.61.

9. Consistent with Kerr's agreement with Jet Management and Southern Jet Center, LLC, in addition to receiving a $70,000 commission from JDI at the closing, Kerr received a commission of $71,313.39 from Jet Management and Southern Jet Center, LLC.

H. A concise statement of those issues of law upon which there is agreement.

1. Florida law applies.

I. <u>A concise statement of those issues of fact which remain to be litigated</u>.

    1. Whether the aircraft was airworthy when delivered to JDI.

    2. Whether Kerr acted as an agent of Jet Management and/or Southern at the same time that he acted as an agent for JDI.

    3. Whether Kerr, Jet Management, and Southern Jet conspired to mislead JDI regarding the condition of the aircraft.

    4. The amount of money necessary to provide Plaintiff rescissory relief, if rescission is granted.

    5. The amount of plaintiff's otherwise compensable damages, if any.

J. <u>A concise statement of those issues of law which remain for determination by the Court</u>.

    1. Whether the circumstances as a whole establish that Kerr was the agent in fact of Jet Management and/or Southern at the same time that he served as JDI's agent?

    2. If Kerr was the agent in fact of Jet Management and/or Southern, whether such agency was known or should have been known to JDI and/or its attorneys.

    3. Whether Kerr breached his fiduciary duty owed to JDI.

    4. Whether Plaintiff is entitled to rescission by reason of the existence of an undisclosed dual agency.

    5. Whether the failure of JDI and/or its transactional counsel to obtain a copy of the completion report issued by Cessna prior to the closing is a defense to any or all of Plaintiff's claims, including but not limited to, its claim

        under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§501.201, *et seq.*

    6.     Correct interpretation of the aircraft purchase agreement under Florida law.

    7.     Whether Plaintiff has waived or is esstopped from making claims under the purchase agreement by accepting the aircraft.

    8.     The effect, if any, of the settlement by Cessna (in a confidential amount to be disclosed under seal to the Court) as a set-off or contribution as to any damages awarded to Plaintiff in this action.

K.     <u>A concise statement of any disagreement as to the application of the rules of evidence or of the Federal Rules of Civil Procedure</u>.

    1.     Whether Defendant Kerr is entitled to an order barring Plaintiff from using his deposition testimony on the ground that plaintiff's co-counsel (Roe) was formerly a shareholder in the law firm of plaintiff's transactional counsel (Dulac) where there is no evidence that plaintiff's litigation counsel knew of, or used, any information provided in confidence to Dulac when questioning Kerr during his deposition.

L.     <u>A list of all motions or other matters which require action by the Court</u>.

    1.     None other than the evidentiary issue raised by Kerr in relation to the use of his deposition.

    2.     Pursuant to the Pretrial Order, Plaintiff is separately submitting a proposed opinion which is modeled on the Court's opinion with respect to the cross motions for summary judgment. Defendants Jet Management and Southern object to this submission.

    M.    <u>A statement of whether this is now a jury or a non-jury case.</u>  This is a non-jury case.

    N.    <u>Counsel's respective estimates of the length of the trial</u>

Plaintiffs and Defendants Jet Management and Southern Jet agree that the evidentiary presentations and any final argument requested by the Court can be completed by all parties in seven days or less.

Plaintiffs estimate that their evidentiary presentation can be completed in approximately two days (excluding cross examination).

Defendants Jet Management and Southern estimate that their evidentiary presentation can be completed in approximately three days (excluding cross examination).

Defendant Kerr:  Defendant Kerr estimates that he will need _____ days to complete his evidentiary presentation and argument.

Submitted to 29th day of September, 2009.

Respectfully submitted,

*// Robert C. Palmer, III//*  
Robert C. Palmer, III  
Florida Bar No. 316776  
Wade, Palmer & Shoemaker, P.A.  
Suite 450  
25 Cedar Street  
Pensacola, Florida 32502  
PH: (850) 429-0755  
FX:  (850) 429-0871  

    and

*//Michael J. Schofield//*  
Michael J. Schofield  
Florida Bar No.  373656  
Clark, Partington, Hart,  
Larry, Bond & Stackhouse  
125 West Romana Street  
Suite 800 (32502)  
P O Box 13010  
Pensacola, Florida  32591-3010  
*Attorneys for Defendants, Jet Management, Inc. and Southern Jet Management*

*//Adrian N. Roe//* _____  
Adrian N. Roe

Pa. Bar No. 61391
Adrian N. Roe P.C.
707 Grant Street, Suite 1331
Pittsburgh, PA 15219
Office: (412) 434-8187
Cell: (412) 400-3950
Fax: (412) 258-8096
*Counsel for Plaintiff*
*JDI Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was submitted electronically via the Court's CM/ECF on this 29th day of September, 2009. The submission was sent to Jon Kerr, PO Box 711, Litchfield, CT 06759, via U.S. Mail, and via email this 29th day of September, 2009.

   */s/ Robert C. Palmer, III*
Robert C. Palmer, III
Florida Bar No.: 316776
Wade, Palmer & Shoemaker, P.A.
25 West Cedar Street, Suite 450
Pensacola, Florida 32502
PH: (850) 429-0755
FX: (850) 429-0871
*Counsel for Plaintiff*
*JDI Holdings, LLC*