IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JDI HOLDINGS, LLC,

    Plaintiff,

v.                                    CASE NO.: 3:07cv242/MCR/EMT

JET MANAGEMENT INC.,
SOUTHERN JET CENTER, LLC,
and JON KERR

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR APPROPRIATE RELIEF
WITH RESPECT TO "MISSING" DOCUMENTS**

Pursuant to the orders of the Court at the final pretrial conference, Plaintiff JDI Holdings, LLC, by its undersigned attorney, respectfully moves the Court to grant appropriate relief, including possibly drawing an adverse inference, from Defendants' failure to produce one or more highly significant documents. In support of this motion, Plaintiff states the following:

1. During the course of discovery, Defendants have produced documents which reference an attached "Finder's Fee Agreement" prepared by Defendant Kerr.

2. Copies of the documents as produced by Defendant Kerr (bearing production number JK3144) and Defendants Southern Jet Center, LLC and Jet Management, Inc. (collectively "Southern") (bearing Watkins Deposition Exhibits 7 and 8) are attached hereto as Exhibits 1 and 2.

3. Paul Watkins of Southern and Jon Kerr both testified that they did not know the whereabouts of the "enclosed" agreement referenced in the documents identified in

    paragraph 2.

4. Pertinent excerpts from the depositions of Mr. Kerr and Mr. Watkins are attached hereto as Exhibits 3 and 4.

5. As reflected in Watkins Deposition Exhibit 8, attached hereto as part of Exhibit 2, Mr. Watkins and Mr. Kerr engaged in negotiations with respect to the language to be included in the draft agreement "enclosed" by Mr. Kerr.  Thus, in his email of November 29, 2005, 6:28 p.m., Mr. Watkins asks Mr. Watkins to "add in paragraph 1" certain language and to "use this one and send back."  Watkins Dep. Ex. 8.

6. The Court previously denied Plaintiff's motion for summary judgment based on the need of JDI to show that Southern exercised control over Kerr at the same time that he was acting as an agent for JDI.  Order, at 10 (Mar. 31, 2009).

7. The missing "attached" agreement may have directly addressed the important issue of control as identified by the Court.

8. In a case in which a relevant document is missing, the court has substantial latitude to fashion an appropriate remedy.  *See generally Bashir v. Amtrak,* 119 F.3d 929, 931-933 (11th Cir. 1997) (per curiam).

9. At the trial of this matter, the court should afford JDI appropriate relief in light of the failure of Defendants to produce the "attached" agreement both in its original form and as revised at the request of Mr. Watkins.  This relief may range from an adverse inference if the Court determines that the failure to produce such documents is attributable to bad faith to a lesser remedy such as consideration of the available evidence to determine the terms likely set forth in the missing documents.

10. Plaintiff has attempted to reach agreement with Defendants as to the appropriate manner

to address the missing documents but to date has reached no such agreement.

WHEREFORE, Plaintiff prays that the Court grant appropriate relief with respect to the missing documents.

Respectfully submitted,

Dated:   October 9, 2009

s/ Adrian N. Roe
Adrian N. Roe, P.C.
Suite 1331 Gulf Tower
Pittsburgh, PA 15219
412-434-8187

Counsel for Defendant
JDI Holdings, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was submitted electronically via the Court's CM/ECF on this 9th day of October 2009.  The submission was sent also sent by email to Jon Kerr and caused to be mailed to him by first class mail at the following address: PO Box 711, Litchfield, CT   06759.

        Respectfully submitted,

        s/ Adrian N. Roe
        Adrian N. Roe, P.C.
        Suite 1331 Gulf Tower
        Pittsburgh, PA 15219
        412-434-8187