# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA

**JDI HOLDINGS, LLC,**

    **Plaintiff,**

**vs.**                           **CASE NO.: 3:07-cv-00242-MCR/EMT**

**CESSNA AIRCRAFT COMPANY,**
**JET MANAGEMENT INC.,**
**SOUTHERN JET CENTER, LLC,**
**and JOHN KERR, individually.**

    **Defendants.**

_____/

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPROPRIATE RELIEF WITH RESPECT TO "MISSING DOCUMENTS"**

Defendants, SOUTHERN JET CENTER, LLC, and JET MANAGEMENT INC., through undersigned counsel, oppose *Plaintiff's Motion for Appropriate Relief With Respect to "Missing" Documents* [Doc. 255], and would state:

1. Plaintiff's Motion requests this Court to draw an adverse inference against the defendants because a "finder's fee agreement" referenced in an e-mail exchange between Jon Kerr and Paul Watkins of Jet Management was never produced in discovery. The Plaintiff had the opportunity and exercised his right to thoroughly explore this issue during the course of discovery. The evidence the Plaintiff developed and offered in support of its Motion fails to establish that the document ever existed or is even missing, much less that it is missing as a result of circumstances suggesting bad faith by Jet Management,

Southern Jet, or John Kerr.  Plaintiff's Motion should be denied because there is no evidence of bad faith to warrant an adverse inference.

2.	In *Bashir vs. Amtrack, Inc.*, 119 F.3d 929 (11th Cir. 1997) the Eleventh Circuit provided a clear parameter of when an adverse inference is warranted.  "In this circuit, and adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bath faith." *Id.* at  931.  The Court further explains that "'mere negligence' in losing or destroying records is not enough for an adverse inference, as 'it does not sustain an inference of consciousness of a weak case.'"  *Id.* (quoting McCormick, Evidence § 273 at 660-61 (1972), 31A C.J.S. Evidence § 156(2) (1964)).

3.	In *Bashir*, the trial court had considered whether it should draw an adverse inference against two railroad defendants because the speed recorder tape was missing from a train that struck and killed a boy.  After a summary judgment in favor of the railroad defendants, the plaintiff asserted on appeal that the absence of the speed recorder tape was critical evidence that raised a question of fact as to the actual speed of the train at the time of impact because the defendants' liability depended in part on whether the train was traveling above a certain speed limit at the time of the accident.  *Id.* at 930.  The court agreed that there was no probative evidence to indicate the defendants purposefully lost or destroyed the relevant portions of the speed tape.  *Id.* at 931.  The court considered the evidence offered by the train's engineer and assistant

engineer as to the speed of the train at the time of the accident. *Id.* at 931-32. The plaintiff offered only the unexplained absence of the speed tape as its evidence that there was an issue of fact as to the speed of the train at the time of the impact. *Id.* at 932. The Eleventh Circuit upheld the district court's summary judgment ruling in favor of the defendants because "an adverse inference from the missing speed tape is permissible only if the circumstances surrounding its absence indicate bad faith (e.g., tampering). Appellant has adduced absolutely no evidence of bad faith or tampering." *Id.*

    4.    Here, in support of its Motion, the Plaintiff offered excerpts from the depositions of Jon Kerr [Doc. 255-4] and Paul Watkins [Doc. 255-5]. Both witnesses categorically deny that a finder's fee agreement or any type of agreement was ever executed between them. (Kerr depo., p. 111; Watkins depo., p. 9.) In fact, Mr. Watkins testified that the rough structure for the payment of a fee by Jet Management to Jon Kerr was actually detailed in an email that Jet Management produced in discovery. (Watkins depo., p. 10.) While the emails attached as exhibits to Plaintiff's Motion suggest a document concerning a finder's fee agreement was sent by Mr. Kerr, the Plaintiff has never produced or even suggested that its absence is the result of any evidence of bad faith or tampering by any defendant.

    5.    The Plaintiff argues in its Motion that the purported finder's fee agreement may impact the Plaintiff's proof on whether Southern Jet exercised control over Jon Kerr at the same time that Mr. Kerr was acting as an agent for

Plaintiff. This position is refuted by the testimony offered by Plaintiff in support of its Motion. The evidence is undisputed evidence that no written agreement was ever executed between Jon Kerr and Jet Management or Southern Jet. Because no document was executed by Kerr and Jet Management or Southern Jet that governed their course of conduct or a fee arrangement between them, the content of any such draft document would in no way tend to prove that Jet Management or Southern Jet exercised any control over Mr. Kerr at the same time Mr. Kerr was acting as an agent for the Plaintiff.

6. The Plaintiff can explore the evidence available with the witnesses at trial within the parameters of the Federal Rules of Evidence, however, there is simply no evidence developed by the Plaintiff and presented to this Court to grant Plaintiff's Motion to draw an adverse inference against the defendants arising from the absence of a written agreement that the evidence has affirmatively established was never signed by Mr. Kerr or on behalf of Jet Management or Southern Jet.

WHEREFORE, Defendants, SOUTHERN JET CENTER, LLC and JET MANAGEMENT INC., respectfully request that this Court deny Plaintiff's Motion and grant the defendants any and all other relief the Court deems just and proper.

/s/ Jeremy C. Branning
MICHAEL J. SCHOFIELD
Florida Bar No. 373656
**JEREMY C. BRANNING**
Florida Bar. No. 507016
CLARK, PARTINGTON, HART,
LARRY, BOND & STACKHOUSE
P.O. Box 13010 (32591-3010)
125 West Romana Street, Suite 800
Pensacola, FL 32502
(850) 434-9200
Attorney for Defendants,
JET MANAGEMENT INC., and
SOUTHERN JET CENTER, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished electronically via the CM/ECF Filing System of the United States District Court for the Northern District of Florida to **Robert C. Palmer, III**, counsel for Plaintiff at Wade, Palmer & Shoemaker, 25 West Cedar Street, Suite 450, Pensacola, FL 32502, and to **Adrian N. Roe,** co-counsel for Plaintiff at 707 Grant Street, Suite 1331, Pittsburgh, PA 15219, and by regular U.S. Mail to Defendant **Jon Kerr,** at Post Office Box 771, Litchfield, CT 06759 and at 143 Stoddard Road, Morris, CT 06763-0224, on this 15th day of October, 2009.

/s/ Jeremy C. Branning
**JEREMY C. BRANNING**