# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JDI HOLDINGS, LLC,**

       **Plaintiff,**

v.                                                            Case No.: 3:07cv242/MCR/EMT

**JET MANAGEMENT, INC.;**
**SOUTHERN JET CENTER, LLC;**
**and JON KERR,**

       **Defendants.**
                                            /

## O R D E R

On October 19, 2009, the court held an evidentiary hearing on Defendant Jon Kerr's motions to disqualify attorney Adrian Roe (doc. 240) and to dismiss the complaint (doc. 259) based on an attorney-client conflict allegedly arising from a prior representation.[1] After considering the evidence presented and the relevant legal standards, the court DENIED both motions on the record at the close of the hearing

"Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly." *Waldrep v. Waldrep*, 985 So.2d 700, 702 (Fla. 4th DCA 2008). The court is "sensitive to the competing interests of requiring an attorney's professional conduct and preserving client confidences and, on the other hand, permitting a party to hire the counsel of choice." *Manning v. Cooper*, 981 So. 2d 668, 670 (Fla. 4th DCA 2008) (internal marks omitted). Basic principles of professional conduct require a lawyer to maintain the confidences of his clients and former clients, Fla. Bar Rules 4-1.6 (comment) & 4-1.9 , and this relationship is imputed to all members of a law firm, Fla. Bar Rule 4-1.10(a). Rule 4-1.9 provides that a lawyer who formerly represented a client in a matter shall not later (a) "represent another person in the same or substantially related

---

[1] Kerr also had filed a motion requesting telephone records (doc. 242), which was denied at the pretrial conference.

matter in which that person's interests are materially adverse" to the former client's interests (absent consent); or (b) "use information relating to the representation to the disadvantage of the former client," with certain exceptions not relevant here.[2] If a former attorney-client relationship is established, Rule 4-1.9 "creates an irrefutable presumption that confidences were disclosed between the client and former attorney." *Waldrep*, 985 So.2d at 701 (internal marks omitted). This presumption, however, does not alone disqualify an attorney; there must also be a showing that the current adverse representation is the same matter or substantially related to the former representation. *See Health Care and Retirement Corp. of Am., Inc. v. Bradley*, 944 So. 2d 508, 511-12 (Fla. 4th DCA 2006). Florida courts define "substantially related" narrowly as the same transaction or legal dispute. The courts also consider a matter "substantially related" if the current matter requires the lawyer to attack work he performed for the former client. *See Health Care and Retirement Corp. of Am., Inc. v. Bradley*, 961 So.2d 1071, 1073 (Fla. 4th DCA 2007) (citing the Comment to Rule 4-1.9) (subsequent history omitted).

Based on the court's review of the evidence, the arguments of the parties, and Florida Bar Rule 4-1.9, the court finds that Mr. Kerr established a former attorney-client relationship with Attorney Don Dulac regarding other aircraft brokerage commission matters, and therefore, the presumption arises that Mr. Kerr disclosed confidences during the relationship. That attorney-client relationship was imputed to Mr. Roe, who was still associated with Mr. Dulac's firm at the time he (Mr. Roe) filed the First Amended Complaint in this case and participated in Mr. Kerr's deposition. Nevertheless, for the reasons stated on the record, the court finds that the prior representation involved matters that are neither the same nor substantially related to the facts and/or legal issues involved in the current suit. The prior representation involved a commission fee question in an unrelated airplane transaction.[3] The prior representation did not involve the same parties or aircraft as the current litigation nor did the prior legal dispute involve allegations of fraud or an alleged

---

[2] The exceptions are as permitted by Rule 4-1.6 or if the information has become generally known.

[3] Additionally, Mr. Kerr requested advice on whether a lien could be filed against an airplane under Texas law.

Case No. 3:07cv242/MCR/EMT

secret finder's fee arrangement as in this case.  No attorney work from the prior representation is at issue here.  Additionally, there is no evidence that any confidences of Mr. Kerr were used to his disadvantage in this case.

      Accordingly, the court DENIES the motion to disqualify (doc. 240).  For the same reasons, the court also DENIES the motion to dismiss the complaint (doc. 259).

      DONE and ORDERED this <u>26th</u> day of October, 2009.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**